IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KRYZSTOF BOGDAN CZARKOWSKI,

        Petitioner,

    v.

DON MILLS, Superintendent of
Two Rivers Correctional
Institution,

        Respondent.

Civil No. 08-1078-ST

FINDINGS AND RECOMMENDATION

    Robert Hamilton
    PMB#112
    9220 SW Barbur Blvd. #119
    Portland, Oregon 97219

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Jacqueline Sadker
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

  1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his state court convictions and resulting sentence. For the reasons which follow, the Petition for Writ of Habeas Corpus (docket #2) should be denied.

## BACKGROUND

During the summer of 2001, petitioner (age 51) had five separate sexual encounters with a 15-year-old boy after meeting him in an internet chat room. Four encounters occurred near the victim's home in Marion County. Respondent's Exhibit 103, pp. 16-17, 29-30. Following the fifth encounter at a rest stop in Clackamas County, authorities arrested petitioner. *Id* at 27-28.

The victim testified before the Clackamas County Grand Jury and informed them not only of the conduct giving rise to the prosecution, but also as to its location. Specifically, he testified that the incidents which transpired in Marion County occurred less than a mile from the Clackamas County line. *Id* at 36. This information was significant because, under Oregon law, "[i]f an offense is committed on the boundary of two or more counties or within one mile thereof, trial of the offense may be held in any of the counties concerned." ORS 131.315(6).

On July 16, 2001, the Clackamas County Grand Jury indicted petitioner on three counts of Sodomy in the Third Degree ("Sodomy III"), one count of Sexual Abuse in the Second Degree, one count of attempted Using a Child in a Display of Sexually Explicit Conduct, and one count of Public Indecency.  Respondent's Exhibit 113. Count One of the Clackamas County Indictment charged that "on or about the 9th day of July, 2001," petitioner engaged in deviate sexual intercourse with the minor victim. *Id*. Counts Two and Three of the Indictment raised the same charge for the same time period, but clearly stated that they each involved "a criminal episode separate, apart and distinct from that alleged in any other count" of the Indictment.  *Id.*  In this regard, the Clackamas County Indictment appeared to charge petitioner with Sodomy III for three of the five incidents involving the victim, including two of the four incidents which occurred in Marion County.

On August 23, 2001, the Marion County Grand Jury charged petitioner with four counts of Sodomy III with each count alleging that the conduct occurred "on or between 04/01/01 and 07/09/01." Respondent's Exhibit 102.  Thus, between both Clackamas and Marion Counties, petitioner was charged with seven counts of Sodomy III for the five incidents which took place.

On September 11, 2001, petitioner pled guilty in Clackamas County to the first Sodomy III charge, resulting in a stipulated upward departure of 13 months in prison.  Respondent's Exhibit 114.

3 - FINDINGS AND RECOMMENDATION

In exchange, the remaining five charges (Counts Two through Six) were dismissed. *Id.* During the entry of petitioner's guilty plea and immediate sentencing, it was apparent to all parties that charges were pending in Marion County which were unaffected by the Clackamas County proceedings. Petitioner's attorney advised the court of the pending charges and stated that "Marion County will do what they will." Respondent's Exhibit 119, p. 5. Thus, there was no agreement that the resolution reached in Clackamas County would also resolve any of the incidents which took place in Marion County. Respondent's Exhibit 119.

On August 5, 2002, petitioner proceeded to a court trial in Marion County where counsel made a brief opening statement, stating in part: "We believe what we're here on today is a violation of his rights against double jeopardy and that there's some venue problems." Respondent's Exhibit 103, p. 7. Counsel did not raise his double jeopardy argument in a motion to dismiss, but instead raised the argument at trial where he tried to establish that all of the sexual encounters with the victim occurred within the jurisdiction of Clackamas County. *Id* at 30-36, 52, 65.

After the evidence had been presented, the trial court made findings which included the following:

> And I guess one of the biggest issues was venue. But I think [the victim] was fairly certain. He lives in the area. Based on the defendant's exhibit, which he drew, based on what he told me about venue, and based on Detective Roper's

4 - FINDINGS AND RECOMMENDATION

>                    statement, I'm comfortable that venue has been
>                    established.

*Id* at 69.

The court convicted petitioner on all counts and sentenced him to consecutive sentences totaling 69 months in prison. Respondent's Exhibit 104, p. 10.

Petitioner did not complete a direct appeal, but did file for post-conviction relief ("PCR") in Malheur County which was denied. Respondent's Exhibit 120. The Oregon Court of Appeals summarily affirmed the PCR trial court's decision, and the Oregon Supreme Court denied review. Respondent's Exhibits 126, 128.

Petition filed this federal habeas corpus case on September 16, 2008, raising two grounds for relief which appear to state the same claim:

> 1. Trial counsel was ineffective for failing to object to the prosecution of petitioner on the basis of the Double Jeopardy Clause; and
>
> 2. Trial counsel was ineffective for failing to object to the prosecution of petitioner for the same crime in two different counties.

Petition for Writ of Habeas Corpus (docket #2), p. 6

Respondent asks the court to deny relief on the Petition because the PCR trial court's decision on this claim is entitled to deference.

///

///

///

5 - FINDINGS AND RECOMMENDATION

**FINDINGS**

I.  **Exhaustion and Procedural Default**

According to respondent, petitioner has shifted the focus between his Petition and his briefing from a double jeopardy claim to an unpreserved breach of plea agreement claim.

A petitioner seeking habeas relief must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). A petitioner must have also present his claims in a procedural context in which its merits can be considered. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The exhaustion doctrine is designed "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

In this case, it is evident that petitioner failed to fairly present a breach of plea agreement claim to Oregon's state courts. Specifically, his assignment of error in his Appellant's Brief in the Oregon Court of Appeals alleged that "[t]rial counsel was ineffective . . . when he failed to object to the second prosecution in Marion County on the basis of the Double Jeopardy

Clauses of both the Oregon and United States Constitution[s]. . . ." Respondent's Exhibit 122, p. 4. The same question was presented to the Oregon Supreme Court for review. Respondent's Exhibit 127, p. 2. In neither case did petitioner raise a separate claim based on the alleged breach of the plea agreement.

Petitioner contends that a shift between an ineffective assistance of counsel claim based on double jeopardy, and one based on the breach of a plea agreement, simply amounts to a reformulation of the same claim. The court disagrees. Whether petitioner was twice placed in jeopardy for the same offense is altogether different than whether a prosecutor failed to abide by the terms of an agreement. Accordingly, the court finds petitioner failed to fairly present an ineffective assistance of counsel claim based on the alleged breach of the plea agreement, and such a claim is now procedurally defaulted.[1] Petitioner did, however, fairly present an ineffective assistance of counsel claim based on counsel's alleged failure to file a motion to dismiss the Marion County Indictment based on the Double Jeopardy Clause.

---

[1] Even if petitioner had properly preserved an ineffective assistance of counsel claim based on the purported breach of the plea agreement, such a claim would fail. There is no evidence of an agreement not to prosecute petitioner in Marion County in exchange for his plea in Clackamas County. In fact, a thorough review of the record reveals that the parties were clearly aware of the pending charges in Marion County at the time petitioner elected to enter his plea in Clackamas County. The dismissal of the charges in Clackamas County was not with prejudice, and Clackamas County trial counsel made it clear on the record that "Marion County will do what they will." Respondent's Exhibit 119, p. 5. He further stated that the purpose of the plea was to reduce petitioner's criminal history score in anticipation of the Marion County proceedings. *Id.*

7 - FINDINGS AND RECOMMENDATION

## II.  Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id* at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous.

8 - FINDINGS AND RECOMMENDATION

*Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

Petitioner appears to argue that no deference should extend to the PCR trial court's decision because it did not make any factual findings regarding the specific acts which constituted Counts Two and Three of the Clackamas County Indictment. While the PCR trial court did not make the specific factual findings petitioner would have preferred, it nevertheless made factual findings on the record, thereby providing this court with the rationale behind its ultimate decision. Because there is a reasoned decision to which to defer, the court lends deference to that decision. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000); *see also Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002) (even where no rationale supports state court's decision, the federal habeas court still lends deference to the decision).

## III. Merits

Because no Supreme Court precedent is directly on point, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, --- U.S. ----, 2009 WL 746274 *7 (March 24, 2009). First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's

9 - FINDINGS AND RECOMMENDATION

performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance* at *8.

There is no dispute that four separate incidents of sexual misconduct occurred in Marion County, and the fifth and final incident occurred in Clackamas County immediately preceding petitioner's arrest. However, according to petitioner, the first four incidents of Sodomy occurred within one mile of the Clackamas County border with Marion County, thereby empowering Clackamas County to prosecute him for the offenses he committed in Marion County. ORS 131.315(6). He maintains that Clackamas County did, in fact, charge him with such conduct in Counts Two and Three. Therefore, the Double Jeopardy Clause prohibited Marion County from prosecuting him again for these same two events. Petitioner faults

10 - FINDINGS AND RECOMMENDATION

his attorney for not moving to dismiss these charges from the Marion County Indictment on double jeopardy grounds.

The PCR trial court specifically found that there was no evidence to support the assertion that venue was proper for the incidents which occurred in Marion County in any county other than Marion. Respondent's Exhibit 120, pp. 3-4. In other words, it concluded that the Marion County incidents did not occur within a mile of the Clackamas County line sufficient to give Clackamas County jurisdiction over that conduct. This factual finding is presumed correct unless petitioner can direct the court to clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

As petitioner points out, the victim testified in front of the Clackamas County Grand Jury that the gravel road where the incidents took place in Marion County was "within three-quarters of a mile of the [Clackamas] county line." Respondent's Exhibit 103, p. 36. However, the victim testified at the Marion County trial that the gravel road was more than a mile away from Clackamas County. *Id* at 31-32. In addition, the police detective assigned to the case, Diane Roper, personally visited the site where the Marion County incidents occurred and consulted with maps to determine how far away from the county line the incidents had occurred. *Id* at 63-64. Consistent with the victim's testimony, Roper testified that she determined the location to be

11 - FINDINGS AND RECOMMENDATION

approximately a mile and a half away from Clackamas County.[2] *Id* at 64-65.

The weight of the evidence suggests that the Marion County incidents took place outside of the jurisdiction of Clackamas County. At a minimum, the PCR factual finding to this effect has not been overcome by clear and convincing evidence. Thus, taking the PCR trial court's factual finding as true, it does not appear that Clackamas County had jurisdiction over petitioner's conduct in Marion County.

Even assuming Clackamas County did, in fact, have the authority to place petitioner in jeopardy for the conduct which occurred in Marion County, jeopardy never attached to any of the charges which were dismissed from the Clackamas County Indictment (Counts Two through Six). Jeopardy ordinarily attaches when a jury is empaneled, or when the court begins to hear evidence in a bench trial. *United States v. Vaughan*, 715 F.2d 1373, 1376 (9th Cir. 1983). "Where there is neither a trial before a jury or a judge but, instead, a defendant enters a plea of guilty to one of the crimes with which he has been charged, jeopardy ordinarily attaches to that crime upon acceptance of the plea by the court." *Id* at 1378 n.2. Because the dismissed charges in this case never came

---

[2] In her testimony, Roper confused Marion and Clackamas Counties, a confusion which was adequately resolved during cross-examination. Respondent's Exhibit 103, p. 65.

12 - FINDINGS AND RECOMMENDATION

before a trier of fact, petitioner was never placed in jeopardy on them.  *See id* at 1376-77.

Because petitioner was not placed in jeopardy more than once, his attorney cannot be faulted for not raising such an issue in a pretrial motion to dismiss.  Accordingly, the PCR trial court's denial of petitioner's ineffective assistance of counsel claim did not involve an unreasonable application of clearly established federal law.

### RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #2) should be DENIED, and a judgment should be entered dismissing this case with prejudice.

### SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due May 18, 2009.  If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

///
///
///
///
///
///

13 - FINDINGS AND RECOMMENDATION

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 1st day of May, 2009.

                               s/   Janice M. Stewart
                               Janice M. Stewart
                               United States Magistrate Judge